**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRAN SIMONTACCHI, | No. 09-15858 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00407-LRH-VPC |
| v. |  |
| DEPARTMENT OF PUBLIC SAFETY; et al., | MEMORANDUM[*] |
| Defendants - Appellees. |  |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted October 4, 2010[**]
San Francisco, California

Before: BERZON and CALLAHAN, Circuit Judges, and WOLLE, Senior District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Charles R. Wolle, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

Ms. Fran Simontacchi appeals from a grant of summary judgment against her on her claims that Nevada denied her equal protection of the law and retaliated against her for protected speech when it denied her certain compensation, "4800 time," for days on which she could only work part time.[1] We affirm the district court's grant of summary judgment.

To the extent that Simontacchi claims a denial of equal protection on the basis that Nevada denied her 4800 time as an employee of its Parole and Probation Division while allowing for 4800 time for officers of the Highway Patrol, Nevada offered a rational basis for its differentiation between the employees of the divisions. *See Heller v. Doe*, 509 U.S. 312, 319 (1993).

To the extent that Simontacchi claims a denial of equal protection on the basis of gender discrimination, she failed to present any evidence of differential treatment based on gender.

The district court did not err in granting summary judgment against Simontacchi on her First Amendment claim. Simontacchi's speech concerned only her claim to 4800 time. Accordingly, it is doubtful that it touched on a matter of public concern, and it probably was not protected speech. *See Coszalter v. City of*

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

*Salem*, 320 F.3d 968, 973 (9th Cir. 2003).  In any case, there is nothing in the record to support Simontacchi's assertion that Nevada denied her 4800 time in retaliation for her speech.

The district court's grant of summary judgment in favor of Nevada and against Simontacchi is **AFFIRMED**.